IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY ARNOLD VALENTINE,** | : | |
| Plaintiff | : | No. 1:22-cv-01583 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **THE PRUDENTIAL INSURANCE** | : | |
| **COMPANY OF AMERICA,** | : | |
| Defendant | : | |

### MEMORANDUM

Before the Court is Defendant The Prudential Insurance Company of America ("Prudential")'s motion to dismiss (Doc. No. 10) Plaintiff Shirley Arnold Valentine ("Valentine")'s amended complaint. For the reasons that follow, the Court will grant Prudential's motion to dismiss.

### I.  BACKGROUND[1]

Valentine sustained serious injuries in a September 2008 automobile accident. (Doc. No. 9 ¶¶ 5–6.) She allegedly became completely disabled and, by February 1, 2009, could no longer perform her prior work as an accountant. (Id. ¶ 6.) Valentine filed a claim seeking benefits under a long-term disability insurance group policy (the "Policy") that she purchased from Prudential before the accident. (Id. ¶¶ 4, 7.) Prudential denied the claim and Valentine's ensuing requests for reconsideration. (Id. ¶ 8.) Attached to her complaint is a letter from Prudential, dated January 25, 2011, and received by her counsel on January 31, 2011, informing Valentine that she "did not meet Prudential's definition of 'Total Disability.'" (Id. at 4–11.)

Two years later, 0n January 30, 2013, Valentine commenced this action by filing a

---

[1] This background is drawn from the allegations in Plaintiff's complaint (Doc. No. 9), which the Court has accepted as true, as well as the exhibit thereto, see Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004), and the docket pertaining to this case.

Praecipe for Issuance of a Writ of Summons in the Cumberland County Court of Common Pleas, and over nine years after that, in August 2022, she filed a Praecipe for Rule to File a Complaint. (Doc. No. 1-1 at 2, 12.)  Prudential removed the case to this Court, and on November 29, 2022, Valentine filed her operative, one-count amended complaint, asserting a breach of contract claim.  (Doc. No. 9.)  Prudential filed its pending motion to dismiss on December 13, 2022 (Doc. No. 10), Valentine filed a brief in opposition on January 25, 2023 (Doc. No. 14), and Prudential filed a reply brief on February 8, 2023 (Doc. No. 15).  Having been fully briefed, Prudential's motion to dismiss is ripe for disposition.

## II.     LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court need not accept legal conclusions proffered as factual allegations.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's rulings in Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a

plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 664). A complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678. In ruling on a 12(b)(6) motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A "complaint is subject to dismissal for failure to state a claim on statute of limitations grounds [] when the statute of limitations defense is apparent on the face of the complaint." See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Statutes of limitations "run[] from the moment that a claim accrues," see Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018), which occurs the moment the "plaintiff has 'a complete and present cause of action'" and "can file suit and obtain relief," see Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California, 522 U.S. 192, 201 (1997) (quoting Rawlings v. Ray, 312 U.S. 96, 98 (1941)), and "knew or should have known of the injury upon which its action is based," see Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

### III.  DISCUSSION

####   A.  Arguments of the Parties

Prudential argues that Valentine's complaint is time-barred by a provision of the Policy, commonly referred to as a "suit limitation clause," because Valentine did not attempt to

commence legal action under the Policy within three (3) years of the date on which proof of loss was due. Prudential relies on the provisions of the Policy,[2] including the Policy's requirement that Valentine provide written proof of loss "within 90 days after the end of the first month following the Elimination Period," which is defined as "the first 13 or 26 weeks of continuous disability" for each period of "Total Disability due to Sickness or accidental Injury." (Doc. No. 11-3 at 24, 43.) Under the Policy, "[n]o such action shall be brought more than three years after the end of the time within which proof of loss is required." (Id. at 24.)

Based on these provisions, Prudential maintains that Valentine's proof of loss was due no later than September 28, 2009, arguing as follows:

> [Valentine]'s date of alleged disability was February 1, 2009. Her elimination period was 13 weeks, or 91 days. That means [Valentine]'s elimination period ended on May 3, 2009. The "end of the first month" following May 3, 2009 is June 30, 2009. Accordingly, her "proof of loss" was due "90 days after" June 30, 2009, i.e., by September 28, 2009.

(Doc. No. 11 at 5) (footnote and citations to record omitted). Based on this reasoning, and given the Policy's requirement that "[n]o [legal] action be brought more than three years after the end of the time within which proof of loss is required" (Doc. No. 11-3 at 24), Prudential argues that Valentine was required to commence legal action within three years of September 28, 2009, but did not attempt to commence this action until January 2013, with the filing of her Praecipe for Issuance of a Writ of Summons. (Doc. No. 11 at 5.) Prudential therefore argues that Valentine's claim for breach of the Policy is time-barred by the Policy's terms.

---

[2] Although Valentine did not attach the Policy to her complaint, the Court will consider the terms of the Policy, which Prudential provided with its opposition papers (Doc. No. 11-3), because it is integral to and explicitly relied upon in the amended complaint. See Borough of Moosic v. Darwin Nat. Assur. Co., 556 F. App'x 92, 95 (3d Cir. 2014) (unpublished) (approving district court's consideration of policy attached to reply brief in support of Rule 12(b)(6) motion to dismiss for failure to state a claim).


Alternatively, even if the Policy's terms do not control the timing of when Valentine was required to commence this action, Prudential argues that Valentine's claim is *statutorily* time-barred. (Id. at 7–9.) As to this contention, while the Policy contains a choice of law clause indicating that New York law governs the terms of the Policy, Prudential argues that Valentine's claim is time-barred under both Pennsylvania law—which applies a four-year limitations period to breach of contract claims—and New York law—which applies a three-year limitations period to such claims. (Id.) (citing 42 Pa. Stat. Ann. § 5525(a)(1) and N.Y. C.P.L.R. § 213).

In response, Valentine contends that the Policy's three-year filing requirement (as provided in in the suit limitation clause) for the commencement of legal action did not begin to run until the conclusion of her appeals of Prudential's original denial of her claim, which ultimately concluded in January 2011. (Doc. No. 14 at 3–4.) She argues that until the administrative remedies concluded following the denial of her last appeal of Prudential's denial of her claim, she did not know whether a breach of contract claim existed and could not have brought suit under the Policy. (Id.) Valentine further argues that her filing of a Praecipe for Issuance of a Writ of Summons indefinitely tolled both the three-year suit limitation clause and the applicable statutory limitations period, which she argues is Pennsylvania's four-year statute of limitations for breach of contract claims. (Id. at 4–6.)

**B.      Analysis**

Having considered the parties' contentions, the allegations in the amended complaint, and the applicable law, the Court concludes that Valentine failed to commence legal action within three (3) years of the date on which proof of loss was due and, as such, is time-barred from pursuing a claim for breach of the Policy's provisions. As an initial matter, because Valentine

relies exclusively on Pennsylvania law, which, in any event, is more favorable to her position,[3] the Court will analyze her claim and the parties' arguments under Pennsylvania law.

Regarding the timeliness of Valentine's claim, because she claimed disability "for a 13 week elimination period from January 31 through May 2, 2009," she was required to submit proof of loss "within 90 days after the end of the first month following the Elimination Period." (Doc. No. 11-3 at 11.) The "end of the first month" following her claimed Elimination Period was June 30, 2009, and Valentine was required to submit proof of loss "within 90 days after the end of the first month following th[at] Elimination Period," i.e., September 28, 2009. (Id. at 24, 43.) She therefore had until September 28, 2012—three (3) years after the end of the first month following the Elimination Period—to commence legal action under the Policy. (Id.) Because Valentine did not file her Praecipe for Issuance of a Writ of Summons—by which she commenced this action under Pennsylvania Rule of Civil Procedure 1007(1)—until over four (4) months later, on January 30, 2013, the unambiguous terms of the Policy bar her breach of contract claim. As noted, *supra* at n.3, the suit limitation clause provided in the Policy is enforceable (under either New York or Pennsylvania law), and as such, Valentine's claim is

---

[3] Pennsylvania law requires that group insurance contracts contain a provision under which "[n]o such action shall be brought after the expiration of three years"—or within a period of time more favorable to the beneficiary—"after the time written proof of loss is required to be furnished." See 42 Pa. Stat. Ann. § 752(A)(11). New York law requires that group insurance contracts contain a provision under which "no such action shall be brought after the expiration of two years"—or within a period of time more favorable to the beneficiary—"following the time such proof of loss is required by the policy"—or within a period of time more favorable to the beneficiary). See N.Y. Ins. Law § 3221(a)(14). Both states, moreover, have held as enforceable suit limitation clauses, even if they provide for a shorter limitations period than the applicable statutory limitations period. See, e.g., Hosp. Support Servs., Ltd. v. Kemper Grp., Inc., 889 F.2d 1311, 1315 (3d Cir. 1989) ("[T]he limitation of suit clause must be enforced so long as the insurer has not caused the failure to bring a timely suit to compel payment of a claim.")); PriceWaterHouse Coopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009) ("New York permits contracting parties to shorten a limitations period, however, if the agreement is memorialized in writing.").

time-barred under the Policy's suit limitation clause.

Valentine's arguments to the contrary are misplaced. She argues that she did not have knowledge of her claim and ability to bring suit until Prudential denied her last appeal of the denial of her claim. (Doc. No. 14 at 4.) She relies on Gluck v. Unisys Corp., 960 F.2d 1168 (3d Cir. 1992), for the general proposition that a claim does not accrue until the plaintiff has "actual knowledge of all material facts necessary to understand that some claim exists," see id. at 1777; (Doc. No. 14 at 4). But Gluck is inapposite on the law and facts because it involved an ERISA breach of fiduciary claim implicating 29 U.S.C. § 1113, did not involve a suit limitation clause, and turned on complex claims involving, for example "discontinuance of a contributory program and of residual in violation of 26 U.S.C. § 411(d)(3)." See Gluck, 960 F.2d at 1777. Further, the administrative procedures were not the basis of Valentine's complaint, and she did in fact possess the material facts necessary to know that a claim existed with or without the exhaustion of the administrative procedures.

In short, because Valentine failed to commence legal action (by filing her Praecipe for Issuance of a Writ of Summons, or a complaint) in accordance with the suit limitation clause provided in the Policy—which required commencement of legal action within three years after the deadline for submission of proof of loss—she is time-barred from bringing suit under the Policy. The Court need not reach Valentine's further argument that her filing of the Praecipe for Issuance of a Writ of Summons, if timely, indefinitely tolled this action.

## IV.   LEAVE TO AMEND

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." See Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). "An amendment is futile if the amended complaint would not survive a

motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)).  Here, because the Policy's suit limitation clause bars Valentine's claim, permitting amendment would be futile.

## V. CONCLUSION

Because Valentine's claim is time-barred under the Policy's suit limitation clause, the Court will grant Prudential's motion to dismiss for failure to state a claim—and because permitting further amendment would be futile, the Court will dismiss Valentine's claim with prejudice and direct the Clerk of Court to close this case.  An appropriate Order follows.